**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ENRIQUEZ, | No. 10-56182 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-07414-GW-CT |
| v. | |
| CITY OF BALDWIN PARK; MARK KLING, individually; GREG COLEY, Baldwin Park Police Officer; DOUGLAS PARNELL, Baldwin Park Police Officer; MARK KLING, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| BALDWIN PARK POLICE DEPARTMENT, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 10, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.[**]

Plaintiff-Appellant Jose Enriquez appeals from the district court's grant of summary judgment in favor of Defendants-Appellees Baldwin Park Police Officers Greg Coley and Douglas Parnell in Enriquez's 42 U.S.C. § 1983 action. Enriquez alleges that Defendants used excessive force against him when they shot him multiple times, rendering him a paraplegic. The district court granted Defendants summary judgment on the ground that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Enriquez's claim against Defendant Parnell and that Defendants' use of deadly force was objectively reasonable under the facts, which were not materially disputed. Enriquez waived any challenge to the district court's grant of summary judgment in favor of the City of Baldwin Park, the Baldwin Park Police Department, and Baldwin Park Chief Police Officer Mark Kling.

With respect to Defendant Parnell, Enriquez's excessive force claim is barred by *Heck*, 512 U.S. at 487. Enriquez pled no contest to assaulting Defendant

---

[**] The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, sitting by designation.

Parnell with a semi-automatic firearm, by personally using that firearm, in connection with the same episode that underlies his § 1983 action. This conviction has not been set aside and therefore bars Enriquez's claim against Defendant Parnell. *See id.*

Because it is possible that the basis for the conviction with respect to Defendant Coley occurred before Defendant Coley's alleged use of excessive force, *Heck* does not bar the claim against Defendant Coley. *See Smith v. City of Hemet*, 394 F.3d 689, 698 (9th Cir. 2005). Nevertheless, Defendant Coley's use of deadly force was objectively reasonable, because Enriquez aimed his firearm at the officers on multiple occasions, thereby posing a serious threat of physical harm to the officers. *See Scott v. Henrich*, 39 F.3d 912, 914–15 (9th Cir. 1994).

**AFFIRMED**.